(No. 1084—Claimant awarded $3,200.00.)

AMOS L. LAWRENCE, ADMINISTRATOR OF THE ESTATE OF WILLIAM LAWRENCE, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1927.*

GOVERNMENTAL FUNCTION—*when State not liable.*     *Hard roads.*     The State in constructing its hard road system exercises a governmental function and is not liable for injuries sustained by its employees thereon while in the performance of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.*     An award may be made to an injured employee of the State who is injured in the discharge of his duty, and compensation fixed under the provisions of the Workman's Compensation act.

ISAAC K. LEVY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed by Amos L. Lawrence, administrator of the estate of William Lawrence, deceased, on September 8, 1926, alleges that one William Lawrence, on July 27, 1926, and

prior thereto was engaged in the construction of a certain durable hard surfaced public road with State equipment, and by day labor on State Bond Issue Route 13, in the county of Jackson, in the State of Illinois, about five and one-half miles north of Murphysboro, Illinois, near a station on the Illinois Central Railroad called Finney, employed by the State of Illinois, by its Department of Public Works and Buildings, and that on said date and for a long time prior thereto the said State of Illinois was possessed of and using and operating an automobile truck equipped with a dump body known as Truck No. 7, in doing the said road work; that said William Lawrence was employed by the defendant, under said Department of Public Works and Buildings, as driver of said truck and was on said date driving the truck in doing road work; that the truck and steering gear, brakes and front axle of said truck were defective, unsafe and out of repair, which was known by defendant, or could have been known by it by the exercise of due and ordinary care, and that on account of the unsafe condition of the truck, it was unsafe and dangerous to the driver and to the employees of the State of Illinois, engaged in said road work; that said William Lawrence, while driving said truck, and while in the exercise of due care and caution for his own safety, the truck on account of its defective condition, turned over and threw William Lawrence upon the ground, and that he was thereby then and there killed; that said William Lawrence, at the time of his death, was 22 years of age, was unmarried, and left surviving him Amos L. Lawrence, his father; Lucy Lawrence, his mother; Edith Leslie, his sister; Earl Lawrence, his brother; Ellen Boston, his sister; Joseph Lawrence, his brother; Thelma Tobinson, his sister; Kenneth Lawrence, his brother, and Mary Lawrence, his sister, and next of kin, all of whom are living; that Joseph Lawrence is of the age of 18 years, and that Kenneth Lawrence is of the age of 11 years and that Mary Lawrence is of the age of 8 years; that William Lawrence in his lifetime contributed to the support of his father, mother and minor brothers and sister; that said William Lawrence received as wages the sum of $4.00 per day, for his services as truck driver, and that he earned an average wage of $4.00 per day during the year preceding his death. It appears that Amos L. Lawrence, father of the deceased, was appointed administrator of the estate of said deceased. It is stipulated that 200 working days should be used for the basis of the year's work,

in accordance with Item (e) of Paragraph 10 of the Workmen's Compensation Law, in order to determine the amount due claimant.

A demurrer was filed to the declaration by the Attorney General of the State of Illinois, which, as a matter of law, is sustained.

While we do not concede any liability on the part of the State on account of injuries to persons employed by any department of the State, in equity and good conscience, we award to claimant in this case the compensation provided under the Workmen's Compensation Act of the State of Illinois, or $3,200.00.